IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
MICHAEL D. WEGRZYN                    :        3:14 CV 406 (JBA)
:
:
V.                                    :
:
PETER MURPHY ET AL.                   :        DATE: DECEMBER 9, 2015
:
------------------------------------------------------------X

<u>RULING ON PLAINTIFF'S MOTION TO COMPEL (Dkt. #40), ON PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME (Dkts. #41, 43), AND ON PLAINTIFF'S MOTION TO APPOINT COUNSEL (Dkt. #44)</u>

The factual and procedural history behind this lawsuit was briefly summarized in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed December 1, 2015 (Dkt. #47), ["December 1, 2015 Discovery Ruling"], familiarity with which is presumed; in that ruling, plaintiff's motion was denied in large part and granted in limited part, with the limited responses due by December 24, 2015.  (At 2-3).

Four more of plaintiff's motions are now ripe for adjudication.  On November 2, 2015, plaintiff filed his Motion to Compel Discovery, declaration and brief in support (Dkt. #40),[1] as to which defendants filed their brief in opposition twenty-one days later (Dkt. #45).[2] Plaintiff filed his reply brief on December 7, 2015.  (Dkt. #49).[3]

---

[1]The following three exhibits were attached: copy of Plaintiff's Second Interrogatories and Request for Production of Documents, dated September 10, 2015; copy of letter from the pro se plaintiff to defense counsel, dated September 10, 2015; and copy of Defendants' Responses to Plaintiff's Second Interrogatories and Request for Production of Documents, dated October 15, 2015.

[2]A copy of a court decision is attached, as well as additional copies of the discovery filings at issue (Exhs. A-B).

[3]The following exhibits were attached: copy of letter from the pro se plaintiff to defense counsel, dated August 25, 2015; copy of Plaintiff's Second Request for Production of Documents, also dated August 25, 2015; another copy of the September 10, 2015 letter; yet another copy of plaintiff's September 10, 2015 discovery requests; a copy of the pro se plaintiff's letter to defense

On November 6, 2015, plaintiff filed his first Motion for Extension of Time (Dkt. #41), with respect to expert reports.  Ten days later, plaintiff filed two additional motions – his second Motion for Extension of Time (Dkt. #43),[4] and his Motion for Appointment of Counsel and Expert Witness, with affidavit and brief in support (Dkt. #44).[5]  No timely briefs in opposition were filed to these three motions.

Plaintiff's Motion to Compel (Dkt. #40) concerns his Second Interrogatories and Request for Production of Documents, dated September 10, 2015, which contains eight requests – Numbers 1-4 seek the names of all cell mates, and all documents created by the DOC or its staff regarding such cell mates, from January 1, 2010 to October 10, 2013, at MacDougall CI, Cheshire CI, Corrigan-Radgowski Correctional Center,[6] and Numbers 5-8 seek the names, titles, duties and job descriptions of all staff members who had responsibilities with respect to disciplinary matters from January 1, 2010 to October 10, 2013 at MacDougall CI, Gardner CI, Cheshire CI and Corrigan-Radgowski Correctional Center.[7]

After a careful review of the pending discovery requests, and consistent with the December 1, 2015 Discovery Ruling, the Magistrate Judge rules as follows: plaintiff's motion

---

counsel, dated September 21, 2015; and a copy of Plaintiff's Third Request for Production of Documents, dated September 21, 2015.

[4]The following three exhibits are attached: plaintiff's affidavit, dated November 9, 2015; copy of this Court's electronic calendar, filed 10/28/15 (Dkt. #39); and copy of letter to plaintiff, dated October 27, 2015.

[5]The following exhibits are attached: copies of letters between the pro se plaintiff and various attorneys, dated September 28, October 5, 19, 20, 27, 28 & 30, and November 1, 2015; copies of plaintiff's inmate accounts; plaintiff's afifdavit of indigence, dated August 25, 2015; plaintiff's affidavit of mental health and medical care diagnosis; and copy of plaintiff's authorizaton for release of medical records, dated November 9, 2015.

[6]Plaintiff lists them as two separate correctional facilities.

[7]Plaintiff lists only Corrigan Correctional Center.

is <u>granted in limited part with respect to Nos. 1-4</u> only to the extent that unless security matters are at issue, defendants shall identify all cell mates whose names appear in any DOC documents that bear upon the incidents at issue in this lawsuit, from January 1, 2011 through October 10, 2013, and is <u>denied in all other respects</u>.[8]  Similarly, plaintiff's motion is <u>granted in limited part with respect to Nos. 5-8</u> only to the extent that any staff member's name appears in DOC documents regarding plaintiff's disciplinary matters from January 1, 2011 through October 10, 2013; for any such staff, defendants shall provide the names, titles and job duties, and if readily available, job description of such staff member.

Accordingly, plaintiff's Motion to Compel Discovery (Dkt. #40) is <u>denied in large part, but with respect to the limited disclosure and/or production ordered above</u>, defendants shall respond **on or before January 6, 2016**.

In addition, plaintiff's Motion for Counsel and Expert Witness (Dkt. #44) is <u>granted to the limited extent that pro bono counsel shall be appointed for him for, initially, **settlement purposes** only, and is denied without prejudice to renew in all other respects</u>.  After counsel has been appointed, fully familiarized himself or herself with the file, and contacted plaintiff at the Saint Lucie County Jail, <u>pro bono</u> counsel shall notify this Magistrate Judge's Chambers to schedule a continued settlement conference.

Plaintiff's Motion for Extension of Time (Dkt. #41) is <u>granted until **February 12, 2016**</u> to the extent that plaintiff may seek expert discovery, without prejudice to plaintiff seeking additional time, as necessary, and plaintiff's Motion for Extension of Time (Dkt. #43) is <u>denied without prejudice as moot</u>, the first telephonic settlement conference having taken place.  (Dkt. #46).

---

[8]If defendants have any security concerns in identifying such cell mates, they may submit the relevant records to this Magistrate Judge's Chambers for her <u>in camera</u> review.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 9th day of December, 2015.

  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge